July 7, 2023

**VIA ECF**

Hon. Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re: *SafeCast Limited v. Microsoft Corporation*, No. 1:23-cv-05466-LGS**

Dear Judge Schofield:

Pursuant to the Court's June 28, 2023 Order (ECF No. 51), Plaintiff SafeCast Limited ("SafeCast") and Defendant Microsoft Corporation ("Microsoft") jointly file this letter in advance of the status conference on July 19, 2023 addressing the issues requested by the Court. Below, the parties state their positions regarding the items in the Court's Order. Further attached is a proposed patent civil case management plan and scheduling order.

\*       \*       \*

**(1) A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion.**

**SafeCast**: This is a civil action brought by SAFECAST against MICROSOFT for its alleged infringement of U.S. Patent No. 9,392,302 (the "'302 Patent"). The '302 Patent, titled "SYSTEM FOR PROVIDING IMPROVED FACILITIES IN TIME-SHIFTED BROADCASTS" which was issued by the U.S. Patent and Trademark Office on July 12, 2016.

**Microsoft**: Microsoft believes the principal issues are claim construction, noninfringement, and invalidity of the '302 patent.

**(2) A brief statement by plaintiff as to the basis of subject matter jurisdiction and venue, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction and venue. Statements shall include citations to relevant statutes.**

**SafeCast**: This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a), because SAFECAST's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

This Court also has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. § 1332(a)(1), because SAFECAST is a citizen of Nevada and California; MICROSOFT is a citizen of New York; and SAFECAST alleges that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, which MICROSOFT denies.

This Court has personal jurisdiction over MICROSOFT because: MICROSOFT is present within or has minimum contacts within the State of New York and this judicial district; MICROSOFT has purposefully availed itself of the privileges of conducting business in the State

of New York and in this judicial district; MICROSOFT regularly conducts business within the State of New York and within this judicial district; and SAFECAST alleges that its cause of action arises directly from MICROSOFT's business contacts and other activities in the State of New York and in this judicial district. Further, MICROSOFT is a New York Corporation with a principal office at *********.

Venue is proper in this district under 28 U.S.C. 1400 as MICROSOFT is incorporated in this state and further because SAFECAST alleges that MICROSOFT has committed acts of infringement in this District, which MICROSOFT denies, and that MICROSOFT has a regular and established place of business in this District.

**Microsoft**: Without agreeing to SafeCast's allegations above or in the Complaint, Microsoft does not contest subject matter jurisdiction and no longer contests venue. The case was transferred under 28 U.S.C. § 1404(a) from the Western District of Texas ("WDTX").

**(3) A brief description of any (i) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (ii) any pending motions filed prior to transfer to this District and (iii) other applications that are expected to be made at the status conference.**

**SafeCast**: No Motions are currently pending in the court. SAFECAST is not anticipating seeking any applications at the status conference.

**Microsoft**: Microsoft expects to renew its December 1, 2022 motion to dismiss the complaint (ECF No. 12), and respectfully requests that this motion be addressed before further proceedings, since a similar motion was already granted by the Court in WDTX in a related case (No. 6:22-cv-00676-ADA, ECF No. 34). Due to two pending *inter partes* review petitions before the Patent Trial and Appeal Board and proceedings before other District Courts, all involving the '302 patent, Microsoft also intends to seek to stay this case pending the outcome of these parallel proceedings.

**(4) A brief description of any discovery that has already taken place, and the discovery that is contemplated, including whether significant e-discovery is contemplated; if so, the parties' discussions or agreements regarding an e-discovery protocol; and whether foreign discovery is contemplated.**

**SafeCast**: No discovery has taken place in this matter. However, substantial discovery has occurred in related cases. SAFECAST anticipates taking 4-6 30(b)(1) depositions of MICROSOFT's employees, managers, and/or other representatives and to Notice a 30(b)(6) on various topics. SAFECAST has requested an agreement with Defendants to use previously taken discovery in this case but no agreement has been reached. Plaintiff will issue up to 25 interrogatories, requests for production and admission as well as requests for inspection.

**Microsoft**: Pursuant to the prior Court's orders and the parties' agreed schedule, Microsoft has produced some technical documentation regarding the accused platforms, and served initial disclosures. SafeCast has not produced any documents or served initial disclosures. Under the

current agreed schedule, fact discovery does not open until the day after the patent claim construction hearing. The parties have exchanged preliminary infringement and invalidity contentions. Microsoft believes that e-discovery, including e-mail, is unnecessary. Limited foreign discovery may be necessary because SafeCast and its principals are located in the U.K. Microsoft agrees to SafeCast's newly proposed discovery limits above (25 each of interrogatories, requests for production, and requests for admission).

**(5) A brief description of any anticipated actions by either party that would significantly affect or delay this case.**

**SafeCast**: SAFECAST is not aware of any actions.

**Microsoft**: As noted above, Microsoft expects to renew its motion to dismiss the complaint, and it intends to seek to stay this case.

**(6) A statement of how the parties intend to instruct the Court as to the relevant technology.**

The parties expect that their completed claim construction briefing, as well as a claim construction hearing, will be sufficient to inform the Court about the relevant technology. Should the Court find it helpful, the parties could also present live technical tutorials at the start of the claim construction hearing.

**(7) A computation of damages claimed, see Fed. R. Civ. P. 26(a)(1)(A)(iii).**

**SafeCast**: SAFECAST seeks a judgment that Defendant have infringed the claims of the '302 patent, first awarding SAFECAST an injunction, and after trial, an award of damages in an amount sufficient to compensate it for Defendants' infringement of the '302 patent, in an amount no less than a reasonable royalty or lost profits, together with prejudgment and post-judgment interest and costs under 35 U.S.C. § 284. SAFECAST further seeks an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement. Given the egregious nature of MICROSOFT's infringement and copying, SAFECAST seeks an Order declaring this case to be "exceptional" under 35 U.S.C. § 285 and an award of its attorneys' fees, expenses, and costs incurred in this action. Further, SAFECAST seeks an Order declaring Defendant's infringement to be willful and trebling the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. §284. To compensate SAFECAST for future infringement, SAFECAST seeks an Order addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and their agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant, from infringing the claims of the Patents-in-Suit or (ii) awards damages for future infringement in lieu of an injunction, in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law

**Microsoft**: None at this time.  Microsoft denies that SafeCast is entitled to any relief.

**(8) A statement describing the status of any settlement discussions and whether the parties would request a referral for a settlement conference.**

None to date.  Microsoft does not believe a settlement conference would be fruitful at this juncture.

**(9) Any other information that the parties believe may assist this Court in resolving the action.**

None at this time.

Respectfully submitted,

Dated: July 7, 2023

By: /s/ *William P. Ramey, III*
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

*Counsel for Plaintiff*
*SAFECAST Technologies Corporation*

By: /s/ *Raj Suresh Gandesha*
Raj Suresh Gandesha
rgandesha@whitecase.com
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 819-8200
Fax: (212) 354-8113

*Counsel for Defendant*
*Microsoft Corporation*

# PROPOSED PATENT CIVIL CASE MANAGEMENT PLAN
## AND SCHEDULING ORDER

The Western District of Texas previously entered an agreed schedule, based primarily on that Court's Order Governing Proceedings—Patent Cases. ECF No. 23. Before the Court's June 26, 2023 transfer order, the parties completed claim construction briefing, and the Court scheduled a claim construction hearing for June 29, 2023 that was vacated. Most dates in the existing schedule were tied to the date of the claim construction hearing.

Accordingly, the parties propose keeping the existing schedule with modifications to the dates to account for the transfer order, and this Court's practices and availability for a claim construction hearing, if desired. A proposed updated schedule is below:

| Deadline | Item |
|---|---|
| At the Court's convenience | Hearing on Microsoft's renewed motion to dismiss the complaint. |
| At the Court's convenience | *Markman* hearing. |
| 1 business day after *Markman* hearing | Fact discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| 6 weeks after *Markman* hearing | Deadline to add parties. |
| 30 days after claim construction ruling | Deadline to serve Final Infringement Contentions. After this date, leave of Court is required for any amendment to infringement or invalidity contentions. This deadline does not relieve the parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| 50 days after claim construction ruling | Deadline to serve Final Invalidity Contentions. After this date, leave of Court is required for any amendment to infringement or invalidity contentions. This deadline does not relieve the parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| 16 weeks after *Markman* hearing | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| 26 weeks after *Markman* hearing | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. |

| Deadline | Item |
|---|---|
| 34 weeks after *Markman* hearing | Close of Fact Discovery. |
| 38 weeks after *Markman* hearing | Opening Expert Reports. |
| 42 weeks after *Markman* hearing | Rebuttal Expert Reports. |
| 46 weeks after *Markman* hearing | Close of Expert Discovery. |
| 47 weeks after *Markman* hearing | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. |
| 52 weeks after *Markman* hearing | Dispositive motion deadline and *Daubert* motion deadline. |
| 56 weeks after *Markman* hearing | Serve Pretrial Disclosures (jury instructions, exhibits lists,witness lists, discovery and deposition designations). |
| 58 weeks after *Markman* hearing | Serve objections to pretrial disclosures/rebuttal disclosures. |
| 60 weeks after *Markman* hearing | Serve objections to rebuttal disclosures; file Motions *in limine*. |
| 62 weeks after *Markman* hearing | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine*. |
| 63 weeks after *Markman* hearing | Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| 65 weeks after *Markman* hearing | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| At the Court's convenience | Final Pretrial Conference. |
| At the Court's convenience | Jury Selection/Trial. |