USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/11/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAFECAST LIMITED,

                        Plaintiff,

-against-

MICROSOFT CORPORATION,

                        Defendant.

23-CV-05466 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

      Plaintiff SafeCast Limited ("SafeCast") commenced this action on September 19, 2022, alleging that Defendant Microsoft Corporation ("Microsoft") infringed U.S. Patent No. 9,392,302 (the "'302 patent"). Dkt. No. 1. After its underlying patent claims were invalidated in a parallel proceeding and its counsel moved to withdraw for nonpayment of fees, SafeCast was warned that, to the extent it had any valid claims remaining, it could not proceed in this action without representation by a licensed attorney. SafeCast has failed to obtain new counsel or otherwise communicate the status of its efforts to do so. For the reasons that follow, this action is dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

      SafeCast filed its complaint in the Western District of Texas on September 19, 2022. *Id.* After being transferred to this District on June 27, 2023, the case was stayed pending the resolution of two *inter partes* review petitions before the Patent Trial and Appeal Board ("PTAB"). The PTAB proceedings concerned the validity of certain claims of the '302 patent, the same patent claims that underly SafeCast's complaint in this action. Dkt. No. 65. On October 3, 2024, the PTAB issued a written decision holding those claims to be unpatentable. Dkt. No. 68-1. The deadline to appeal the PTAB's decision expired in January 2025, and no appeal has been filed.

      SafeCast, a private limited company registered in England, had been represented by the U.S. law firm Ramey LLP since the outset of this case. Dkt. No. 1. On January 6, 2025, Ramey LLP filed a motion to withdraw as SafeCast's counsel due to nonpayment of fees. Dkt. No. 70. The Court held a conference on January 22, 2025, to address the motion to withdraw and to evaluate the status of the action in light of the PTAB's invalidation of SafeCast's patent claims. *See* Conference Tr., Jan. 22, 2025, Dkt. No. 74.

      At the conference, Mr. Ramey appeared for SafeCast alongside SafeCast's CEO and co-founder Alistair Kelman. The Court granted the motion to withdraw as to all attorneys for SafeCast, but in order to allow Mr. Kelman time to secure other counsel, the Court ordered that the withdrawal would not take effect until 30 days from the date of the conference. *Id.* at 5:14–17; *see also* Dkt. Nos. 72, 73. The Court informed Mr. Kelman that corporate entities cannot appear before the Court except through an attorney, which Mr. Kelman confirmed that he understood (Mr. Kelman is an attorney in another country, but is not licensed to practice law in

the United States). *Id.* at 2:22–3:04.  Accordingly, the Court instructed Mr. Kelman that he had "30 days to either secure other counsel or voluntarily dismiss the case." *Id.* 5:24–6:10.  More than 30 days have passed, and no attorney has appeared on behalf of SafeCast, nor has the Court received any communication from SafeCast whatsoever.

## DISCUSSION

"If [a] plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," Rule 41 authorizes the district court to dismiss the action.  Fed. R. Civ. P. 41(b).  A district court considering a Rule 41(b) dismissal must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209–10 (2d Cir. 2001).  As "no one factor is dispositive," courts need only provide an explanation for the dismissal rather than consider each factor.  *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001).

The *LeSane* factors strongly weigh in favor of dismissal.  "[I]t is well-settled law that a corporation may appear in the federal courts only through licensed counsel," *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 187 (2d Cir. 2006), and this Court explicitly warned Mr. Kelman that SafeCast must either retain counsel within 30 days of the last conference or have its case dismissed.  Furthermore, the PTAB's decision effectively extinguished SafeCast's hope for recovery in this action, meaning the Court's interest in managing its docket far outweighs Safecast's interest in receiving more chances to be heard.  For the same reasons, continuation of the case would prejudice Microsoft, and no sanction short of dismissal would be fruitful.

## CONCLUSION

For all of the reasons stated above, it is hereby ORDERED that this case is dismissed without prejudice.  Pursuant to Dkt. Nos. 72 and 73, attorneys William P. Ramey, III, and David J. Hoffman are relieved as counsel for SafeCast and the Clerk of Court is respectfully directed to terminate both of them from the docket.  The Clerk of Court is further directed to CLOSE this case.

Dated: March 11, 2025
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge